UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HUBERT L. JAMES, #377092

                    Petitioner,

v.                                                    2:08CV132

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                    Respondent.

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.   The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I.  STATEMENT OF THE CASE

### A.  Background

        On February 11, 2005, in the Circuit Court for the City of Hampton, Virginia, petitioner was convicted of possession of cocaine and was sentenced to five years imprisonment, with four years and six months suspended.  Petitioner did not appeal his conviction.

        On September 22, 2005, the Hampton Circuit Court revoked petitioner's suspended sentence and ordered that the unserved portion be served.  On January 25, 2006, Kimberly Hensley, counsel for petitioner, filed an appeal and a motion to withdraw as counsel in the Virginia Court of Appeals.  However, on July 27, 2006, the appeal was denied, and counsel's motion to withdraw was granted.

        On August 17, 2006, petitioner, <u>pro se</u>, filed a notice of appeal in the Supreme Court of Virginia.  On the same day, Hensley accepted reappointment to petitioner's case, and on September 28, 2006,

she filed a petition for appeal in the Supreme Court of Virginia.  On November 30, 2006, the appeal was dismissed for failure to file the notice of appeal pursuant to Rule 5:14(a).

Petitioner, by counsel Catherine Haas, filed a motion in the Supreme Court of Virginia for a delayed appeal, and on May 22, 2007, the motion was granted.  On June 19, 2007, petitioner's new appellate counsel, Ben Pavek, filed a petition for appeal in the Supreme Court of Virginia, appealing the Court of Appeals' judgment of July 27, 2006.  However, on December 21, 2007, the Supreme Court of Virginia refused the appeal.

While the appeal proceedings related to petitioner's original trial were pending, he again violated the terms of his probation, and on August 8, 2007, the circuit court again revoked petitioner's suspended sentence.  On December 7, 2007, James Thomas, Esquire filed a notice of appeal in the Court of Appeals of Virginia, but on February 20, 2008, the appeal was denied by a single judge.  On February 28, 2008, petitioner filed a notice requesting a three-judge panel, which is still pending.

On March 10, 2008, petitioner filed a petition for writ of habeas corpus in this Court, and on May 12, 2008, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1.   Original Trial Claims:

    a.   Ineffective assistance of counsel because counsel failed to:

        1.   subpoena Mark Miller;

        2.   file a motion for discovery or motion to suppress;

2

3.   object when the police untruthfully and maliciously testified that petitioner admitted the device used for smoking crack cocaine was his;

b.   petitioner did not receive a <u>Miranda</u> warning;

c.   the search warrant presented at trial was never shown to petitioner prior to trial;

d.   the search was not consensual;

e.   petitioner was subjected to sentencing disparities because he received five years for possessing crack cocaine, but on the same day, a Caucasian prisoner was given a ten-year suspended sentence for the sale of ecstasy.

2.   First Revocation claims:

a.   petitioner was denied effective assistance of appellate counsel when Hensley failed to perfect the appeal of his first revocation to the Supreme Court of Virginia;

b.   petitioner was denied effective assistance of counsel when Hensley failed to challenge the revocation of his suspended sentence of September 22, 2005; was ineffective on appeal; withdrew as counsel, and admitted ineffective assistance; and

3.   Second Revocation Claim: Petitioner was denied effective assistance of appellate counsel when Thomas failed to note the appeal of petitioner's second revocation.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See <u>Brower v. County of Inyo</u>, 489 U.S. 593, 598 (1989)(citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See <u>Conley v. Gibson</u>, 355 U.S. 41,

45-46 (1957); <u>GE Inv. Private Placement Partners II v. Parker</u>, 247 F.3d 543, 548 (4th Cir. 2001); <u>Martin Marietta Corp. v. Int'l Telecomms. Satellite Org.</u>, 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  <u>See Simons v. Montgomery County Police Officers</u>, 762 F.2d 30, 31 (4th Cir. 1985); <u>Wolford v. Budd Co.</u>, 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to

4

accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  Id. at 432.

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421

U.S. 482, 487 (1975); <u>Joseph v. Angelone</u>, 184 F.3d 320, 325 (4th Cir. 1999); <u>Beck v. Angelone</u>, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); <u>see also</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Satcher v. Pruett</u>, 126 F.3d 561, 573 (4th Cir. 1997).

Respondent states that none of petitioner's claims are exhausted. Petitioner's claims regarding his original conviction (Claims 1(a) through 1(g)) were never directly appealed, and the Supreme Court of Virginia has never addressed the issues in a petition for writ of habeas corpus. Further, petitioner's claims concerning his first revocation proceeding (Claims 2(a) and (b)) have never been presented to the Supreme Court of Virginia in a state habeas petition. Finally, petitioner's claim concerning his second revocation proceeding (Claim 3) is still pending in the Court of Appeals and, therefore, has not been presented to the Supreme Court of Virginia on direct appeal or in a state habeas petition.

Although a federal court may dismiss a petition where the petitioner has failed to exhaust his available state court remedies, "failure to exhaust state remedies [does] not act as an absolute bar to consideration of his claims." <u>Moore v. Schoeman</u>, 288 F.3d 1231, 1234 (10th Cir. 2002)(citing <u>Granberry v. Greer</u>, 481 U.S. 129, 131 (1987)). Further, a federal court considering a habeas petition with unexhausted claims may dismiss the petition if it is "perfectly clear that the applicant does not raise even a colorable federal claim." <u>Granberry</u>, 481 U.S. at 135. Therefore, this Court may consider the merits of petitioner's claims even though petitioner has not exhausted his state remedies. <u>See</u> 28 U.S.C. § 2254(b)(2); <u>Chadwick v. Janecka</u>, 302 F.3d 107, 115 (3rd Cir. 2002).

### C.  Claims 1(a) through 1(g) are

**<u>Barred by the Statute of Limitations</u>**.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA). With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See <u>Brown v. Angelone</u>, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. <u>See</u> 28 U.S.C. § 2244(d)(1)(2000); <u>Brown</u>, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus. The period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation. <u>See id.</u> § 2244(d)(2).

In the present case, petitioner was convicted on February 11, 2005. Petitioner had thirty days to appeal his conviction, but he chose not to do so. Therefore, petitioner's time for seeking direct appeal expired on March 13, 2005, at which time the federal statute of

7

limitations period began to run.  Petitioner then had until March 13, 2006, to file his federal habeas petition.  However, petitioner did not file his federal habeas petition until March 10, 2008, almost two years beyond the expiration of the federal statute of limitations.  Claims 1(a) through 1(g) are clearly barred by the statute of limitations and should be DISMISSED.

### D.  Claims 2(a) and (b) are Moot.

"To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time the case is decided." Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Spencer v. Kenna, 523 U.S. 1, 7 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)).  The federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971)(quoting Local No. 8-6, Oil, Chemical, and Atomic Workers International Union v. Missouri, 361 U.S. 363, 367 (1960)).

Petitioner seeks relief for Hensley's failure to perfect a notice of appeal in the Supreme Court of Virginia.  Although Hensley failed to file the appeal within the time allowed by Rule 5:14(a), petitioner was granted a motion for delayed appeal on May 22, 2007, and ultimately filed his appeal on June 19, 2007.  Since the relief sought was obtained through the granting of a delayed appeal, there is no longer a live controversy.  The claims are moot and should be DISMISSED.

**E.  Petitioner did not receive ineffective assistance of counsel**.

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear.  They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court.  In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance."  Id. at 687.  The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective.  First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation."  Savino

9

v. Murray, 82 F.3d 593, 599 (4th Cir. 1996).  Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'"  Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

        The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.

        In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics.  See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996).  Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review."  Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

        Petitioner alleges that appellate counsel, James Thomas, was ineffective for failing to note an appeal of the second revocation of petitioner's suspended sentence, (Claim 3).  However, the record reflects that Thomas filed a notice of appeal in the Virginia Court of Appeals on August 16, 2007, and filed the petition for appeal on December 7, 2007. In fact, the appeal is still pending review by a three-judge panel. Accordingly, the claim is without merit and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED.   Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


_____/s/_____
James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia

<u>June 30, 2008</u>

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of

the following:

Hubert L. James, #377092, <u>pro</u> <u>se</u>
Indian Creek Correctional Center
P.O. Box 16481
Chesapeake, VA  23328


Susan M. Harris, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219


                          Fernando Galindo, Clerk


                          By _____
                                   Deputy Clerk

                          _____, 2008