UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
SEP -3 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

HUBERT L. JAMES, #377092

    Petitioner,

v.                                 2:08CV132

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

    This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on February 11, 2005, in the Circuit Court for the City of Hampton, Virginia, for possession of cocaine. As a result of the convictions, petitioner was sentenced to serve four years, with six months suspended, in the Virginia penal system. Petitioner also alleges violation of his federal rights concerning the revocation of the suspended sentence.

    The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on June 30, 2008. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on July 31, 2008, objections to the report.

    The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with

respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge. Therefore, it is ORDERED that the petition be DENIED and DISMISSED pursuant to the statute of limitations (Claims 1(a) through 1(g)), mootness (Claims 2(a) and (b), and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings that his claims are time barred, the objections are without merit. Petitioner's objections cannot overcome the fact that the claims have never been presented to the highest court in Virginia, either on direct appeal or in a habeas petition. Therefore, the issues may not be considered for the first time in federal court.

There are other reasons why the objections are without merit. Objection 1 addresses circumstances not before the Court. Objection 2 addresses appeals not before the Court.

Objection 3 addresses the failure of trial counsel to have a particular witness in court. This issue has never been raised in the Supreme Court of Virginia, therefore, it will not be addressed by this Court.

Objection 4 is not before the Court, and the claims raised do not constitute an objection. Objection 5 was never presented to the Supreme Court of Virginia, but the Court notes that petitioner had not one, but two delayed appeals. Therefore, any objections on the grounds of appellate untimeliness are moot. Objection 6 is a discourse on federal law, not an objection and deserves no further consideration.

Objection 7 addresses petitioner's claim of sentencing disparity. Petitioner was sentenced at the low end of the scale for the

offense he committed, and most of his time was suspended. Thereafter, he violated probation twice. On the second occasion, the circuit court did what it could have done at the original trial. The court's actions were well within its authority, and it is not for this Court to inject itself in what is purely a state decision.

To the extent that petitioner alleges that the Magistrate Judge has reflected a misconception of his duties, the claim is without merit. To the contrary, findings and recommendations take into account all the material facts and consider the appropriate legal standards applicable to the issues raised. A magistrate judge is not required to present an alternate and unsupported position raised by a petitioner. A magistrate judge is only obligated to consider the facts and claims asserted within the proper context of a case. An adverse claim is not synonymous with an issue that must be resolved.

Petitioner's opinion that the report is the Magistrate Judge's primary obligation and his recommendation second, is simply incorrect. The Magistrate Judge's report and his recommendation are synonymous and equally important in the course of reviewing claims of a habeas petitioner. Petitioner has received all that he is entitled to.

Finally, on August 15, 2008, petitioner filed a pleading entitled "Notice of Amended Petition." The pleading contains a variety of documents for the Court's consideration, but it does not contain any objections to the report and recommendation. The pleading was filed after objections were filed, without notice to counsel for respondent, and without permission from the Court. Accordingly, no further action will be taken regarding the pleading.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/
Raymond A. Jackson
United States District Judge

**UNITED STATES DISTRICT JUDGE**

Norfolk, Virginia

September 2, 2008